UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ISAIAH CAMPBELL, ) | CASE NO: 1:20-CV-1693 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | CARMEN E. HENDERSON |
| WARDEN, WARREN CRUTCHFIELD, ) | |
| ) | REPORT & RECOMMENDATION |
| Respondent. ) | |

### I. Introduction

Petitioner, Isaiah Campbell ("Petitioner), an Ohio prisoner serving an aggregate prison term of 36 years to life, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 31, 2020. Respondent, Warden Warren Crutchfield, has moved to dismiss Petitioner's petition as untimely. (ECF No. 6).

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Campbell's petition and other case-dispositive motions. Because Petitioner's petition was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1) and because Petitioner is not entitled to equitable tolling, I recommend that the Court GRANT Warden Crutchfield's motion.

### II. Procedural History

#### A. State Conviction

1

On March 21, 2016, a Cuyahoga County, Ohio grand jury indicted Petitioner on three counts of rape, in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts 1 -3), one count of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(4) (Count 4), one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01 (A)(1) (Count 5), one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(2) (Count 6), one count grand theft, in violation of Ohio Rev. Code § 2913.02(A)(1) (Count 7), and one count of kidnapping, in violation of Ohio Rev. Code § 2905.01 (A)(2) (Count 8). (ECF No. 6-1 at Ex. 1). All of the counts carried a one-year and three-year firearm specification. (*Id*.) Additionally, Counts 1 through 4 carried a sexually violent predator specification and Counts 4 and 6 carried a sexual motivation specification. (*Id*.) After a trial, a jury found Petitioner not guilty on Count 1 and guilty on all the remaining counts[1]. (ECF No. 6-1 at Ex. 4). On March 7, 2017, the court sentenced Campbell to an aggregate prison term of 36 years to life. (ECF No. 6-1 at Ex. 7).

### B. Direct Appeal

On March 30, 2017, Campbell represented by counsel, appealed to the Ohio Court of Appeals, raising six assignments of error:

> **Assignment of Error I:** The trial court erred in considering incompetent hearsay evidence in determining that appellant was a sexual violent predator.
>
> **Assignment of Error II:** The trial court erred in finding that appellant was a sexual violent predator upon insufficient evidence.
>
> **Assignment of Error III:** The finding that appellant was a sexual violent predator was against the manifest weight of the evidence.
>
> **Assignment of Error IV:** Ohio's sexual violent predator specification violates due process.
>
> **Assignment of Error V:** Trial counsel was ineffective at the sexual violent predator hearing.

---

[1] Prior to trial, Petitioner waived a jury trial on the sexual violent predator specification on Counts 1-4. Thus, a bench trial was held on those specifications. The court found defendant guilty of the specifications on Counts 2-4. (ECF No. 6-1 at Exs. 4, 6 & 7).

>**Assignment of Error VI:** The jury verdict in count three was against the manifest weight of the evidence.

(ECF No. 6-1 at Ex. 10). On April 26, 2018, the court of appeals affirmed the judgment of the trial court. (ECF No. 6-1 at Ex. 12). Campbell did not appeal to the Ohio Supreme Court.

### C. Post-Conviction Relief

On March 13, 2019, Campbell *pro se* filed a petition for post-conviction relief raising the following ground for relief:

>**Ground for Relief I:** Appeal Court improperly identified and determined this Case was a mandatory bindover. The failure of the State to adhere to the provisions in the bindover statute constitutes a substantive due process violation.

(ECF No. 6-1 at Ex. 20). On April 8, 2019, the trial court denied Campbell's petition. (ECF No. 6-1 at Ex. 22).

### D. Delayed Motion for Reconsideration and Delayed Appeal

On September 13, 2019, Campbell, represented by counsel, filed a delayed motion for reconsideration of the appellate court's decision affirming his judgment and sentence. (ECF No. 6-1 at Ex. 14). Campbell alleged that the Ohio Court of Appeals affirmed his sentence without considering *State v. Moore*, 149 Ohio St.3d 557 (2016), where the Ohio Supreme Court held that the " 'prohibition of sentences of life imprisonment without the possibility of parole for juveniles who commit non-homicide crimes applies to juvenile nonhomicide offenders who are sentenced to terms-of-years sentences that exceed their life expectancies.'" (ECF No. 6-1 at Ex. 14) (citing *Moore*, 149 Ohio St.3d at 583). The Ohio Court of Appeals denied the application on December

3

6, 2019[2]. (ECF No. 6-1 at Ex. 15). On January 10, 2020, Campbell appealed to the Ohio Supreme Court, raising the following proposition of law:

> **Proposition of Law I:** A defendant who was a juvenile and sentenced to an almost life sentence as a juvenile is entitled to re-open his delayed appeal with issues that were not represented by court-appointed counsel.

(ECF No. 6-1 at Ex. 17). On March 3, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (ECF No. 6-1 at Ex. 19).

### III. Federal Habeas Corpus Petition

On July 31, 2020[3], Campbell, represented by counsel, filed the instant petition for a writ of habeas corpus in this court. (ECF No. 1). Campbell's petition asserts the following ground for relief:

> **Ground One:** Eighth and Fourteenth Amendment.
>
> **Supporting Facts:** Petitioner was sentenced to a term of imprisonment of 36 years of cruel and unusual punishment in violation of the Eighth Amendment as it did not give meaningful relief.

(ECF No. 1). On September 21, 2020, Warden Crutchfield moved to dismiss Campbell's petition in its entirety as untimely. (ECF No. 6). On September 25, 2020, Campbell, filed a brief in opposition to the motion to dismiss. (ECF No. 7).

### IV. Law and Analysis

#### A. Statute of Limitations under AEDPA

---

[2] The Ohio Court of Appeals found that Campbell's motion was untimely and therefore denied. However, in an "abundance of caution [the] court also analyze[d] the filing under the standard for an application for reopening under App.R.26(B)." (ECF No. 6-1 at Ex. 15).

[3] On August 7, 2020, Campbell refiled the instant petition. However, the Court is unable to distinguish any difference between the two petitions. Nevertheless, because Campbell's petition is untimely the Court will conduct its analysis based on the date of the earlier filed petition.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal. Ohio R. App. P. 4(A). The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction relief petition is considered "properly filed" only if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8

(2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Untimely post-conviction petitions or other collateral motions do not toll the AEDPA statute of limitations, despite any exceptions to the timely filing requirement that might exist under state law. *See id.* at 413-14.

### A. Untimely Petition

The Warden argues that Campbell's AEDPA statute of limitations began running on June 12, 2018, ran until March 13, 2019—when Campbell filed his post-conviction petition with the trial court, began running again on May 8, 2019—30 days after the trial court denied his petition, and expired on August 7, 2019. (ECF No. 6 at 11-12). Campbell argues that his petition is timely because it was filed within one year after the Court of Appeals denied his delayed motion for reconsideration (ECF No. 6-1 at Ex. 14), which he claims was "based upon a new case decided by the Ohio Supreme Court." (ECF No. 7).

The Court agrees with the Warden. Campbell's judgment became final on June 11, 2018[4]—45 days after the Ohio Court of Appeals affirmed Campbell's conviction on April 26, 2018. Ohio R. App. P. 4(A); (ECF No. 6-1 at Ex. 11). Thus, Campbell's statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began on June 12, 2018 and absent any tolling would have expired on June 12, 2019—a year later. However, Campbell filed a post-conviction petition on March 13, 2019[5] which tolled the statute of limitations for the period the motion was pending. On April 8, 2019, the trial court denied Campbell's petition. (ECF No. 6-1 at Ex. 22). Campbell did not appeal. Thus, the statute of limitations resumed running a day after the 30-day period to appeal to the Ohio Court

---

[4] The Warden correctly notes that Campbell had until Monday, June 11, 2018 to file an appeal to the Ohio Supreme Court because the forty-fifth day was a Sunday. (ECF No. 6 at 11).

[5] The AEDPA statute of limitations ran for 274 days before this tolling event occurred.

Appeals—May 9, 2019[6], and expired 91 days[7] later, on August 8, 2019. Ohio App. R. 4(A). Campbell filed the instant petition on July 31, 2020, almost a year after the AEDPA statute of limitations expired.

Campbell appears to argue that that 28 U.S.C. § 2244(d)(1)(A) is not the applicable section to determine his limitations period. Rather, Campbell argues that he filed a delayed motion for reconsideration of the appellate court's decision affirming his judgment and sentence based on "a newly decided case by the Ohio Supreme Court" and his statute of limitations began to run after the Ohio Supreme Court declined to accept jurisdiction of the appeal. (ECF No. 7 at 2). Campbell fails to state under which section of the AEDPA statute his petition is timely, and the Court is unable to discern his specific argument. As best as the Court can interpret his argument, it appears that Campbell is attempting to argue that his petition is timely under 28 U.S.C. § 2244(d)(1)(C) because his claim is based on a constitutional right that has been newly recognized by the Supreme Court.

If so, there are several flaws in Campbell's argument. First, 28 U.S.C. § 2244(d)(1)(C) does not apply to Campbell's claim because his claim is based "upon a new case decided by the Ohio Supreme Court." (See ECF No. 7 at 1). Rather, 28 U.S.C. § 2244(d)(1)(C) only applies when a new right has been recognized by the United States Supreme Court. Second, even assuming the statute did apply to situations in which a new right was recognized by a state supreme court—

---

[6] The Warden states that "tolling ended and the statute began to run again on May 8, 2019." (ECF No. 6 at 12). However, the tolling ended on May 8, 2019 and therefore the statute of limitations did not resume until the next day—May 9, 2019.

[7] Prior to this point the statute of limitations had ran for a total of 274 days. Therefore, there were 91 days left out of the 365-day AEDPA statute of limitations.

7

which it does not—Campbell's petition would still not be timely as the Ohio Supreme Court case[8] upon which Campbell relies was decided over three years before Campbell filed the instant petition. Third, to the extent that Campbell would argue that his petition is timely because he is relying on a new right recognized by the United States Supreme Court in *Graham v. Florida*, 560 U.S. 48 (2010)—which he is not[9]—Campbell's petition would still be untimely because *Graham* is certainly not new law as it was decided over nine years before Campbell filed the instant petition. Thus, to the extent that Campbell intended to argue that his petition is timely under 28 U.S.C. § 2244(d)(1)(C), this argument has no merit. Furthermore, the Court finds that Campbell's petition is not timely under any other section of the AEDPA statute.

### B. Equitable Tolling

However, this does not end the inquiry, the court must now consider whether Campbell is entitled to equitable tolling. Because AEDPA's statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S 631, 645 (2010). If a petitioner seeks equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 649 (quoting *Pace*, 544 U.S. at 418).

---

[8] Campbell improperly attempts to rely on the Ohio Supreme Court's holding in *State v. Moore*, 149 Ohio St. 3d 557 (2016) as the basis for his federal habeas relief.

[9] In *Graham*, the Supreme Court held that the Eighth Amendment "prohibits the imposition of life without parole sentence on a juvenile offender who did not commit homicide" and a State must give a juvenile nonhomicide offender sentenced to life without parole "some realistic opportunity to obtain release before the end of that term." 560 U.S. at 82. Campbell does not and cannot argue that he was sentenced to life without parole as a juvenile nonhomicide offender. Rather, Campbell is attempting to argue that based on the Ohio Supreme Court holding in *Moore*—which extended the holding in *Graham*—that his constitutional rights were violated by sentencing him to a term of years sentence that he alleges exceeds his life expectancy. The United States Supreme Court did not in *Graham* recognize the right Campbell is attempting to assert. Thus, Campbell's petition does not rely on a right newly established in *Graham*.

The Warden argues that Campbell is not entitled to equitable tolling because he was not diligent in pursuing state court relief and fails to demonstrate that some extraordinary circumstance stood in his way. (ECF No. 6 at 14). Additionally, the Warden argues that Campbell "cannot meet his burden of showing a miscarriage of justice sufficient to overcome the AEDPA statute of limitations." (*Id.*). Campbell fails to address whether he is entitled to equitable tolling. The Court agrees with the Warden. The Ohio Supreme Court case upon which Campbell relies to make his argument was decided prior to Campbell's sentencing. Despite this established Ohio law, Campbell failed to raise the argument in his direct appeal and waited until his federal statute of limitations expired before raising his argument for the first time before the Ohio Court of Appeals in his motion for reconsideration. Thus, the record does not demonstrate that he was diligent in pursuing state court relief. Additionally, the record does not demonstrate that an extraordinary circumstance stood in his way. Moreover, Campbell does not argue that an extraordinary circumstance stood in his way. As Campbell fails to demonstrate that he has been pursuing his rights diligently and fails to establish an extraordinary circumstance that stood in his way from timely filing, he is not entitled to equitable tolling.

Accordingly, because equitable tolling does not apply, I recommend that the Warden's motion to dismiss Campbell's habeas petition as untimely be granted.

## V. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

Supreme Court has interpreted this standard to mean that the "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485. As the Supreme Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486. If the Court accepts my recommendations, Campbell will not be able to show that the Court's conclusion that his petition was untimely under 28 U.S.C. § 2244(d)(1) is debatable. Thus, I recommend that a certificate of appealability not be issued.

### VI. Recommendation

Because Campbell's petition was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1) and because Campbell is not entitled to equitable tolling, I recommend that the Court GRANT Warden Crutchfield's motion (ECF No. 6) to dismiss Campbell's petition for writ of habeas corpus. I further recommend that Campbell not be granted a certificate of appealability.

DATED: February 10, 2021

                                                                                  *Carmen E. Henderson*
                                                                                  **Carmen E. Henderson**
                                                                                  **United States Magistrate Judge**

_____

## OBJECTIONS

      Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).