IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ISAIAH CAMPBELL, | Case No. 1:20 cv 1693 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| v. | |
| WARREN CRUTCHFIELD, WARDEN | **OPINION & ORDER** |
| Respondent. | |

On July 31, 2020, Petitioner Isaiah Campbell, represented by counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF Doc. 1. In 2017, a jury convicted Campbell of two counts of rape, two counts of kidnapping, one count of aggravated robbery and one count of felonious assault, all with firearm specifications. On March 7, 2017, the trial court sentenced Campbell to serve an aggregate prison term of 36 years to life in prison. ECF Doc. 6-1 at 26. Campbell was seventeen years old when the offenses occurred in 2013. ECF Doc. 6-1 at 84.

On September 21, 2020, respondent moved to dismiss Campbell's petition as untimely. ECF Doc. 6. In response, Campbell argued that the AEDPA statute of limitations should begin to run after the Ohio Supreme Court declined an appeal from the denial of his delayed motion to reconsider, which was based on a newly decided Ohio Supreme Court case, *State v. Moore,* 149 Ohio St.3d 557, 76 N.E.3d 1127 (2016). ECF Doc. 7 at 2.

Following briefing, Magistrate Judge Carmen E. Henderson issued a report and recommendation that the Court dismiss Campbell's petition as untimely under 28 U.S.C. §

2244(d)(1). ECF Doc. 8. The Magistrate Judge reported that Campbell was not entitled to equitable tolling because he had failed to demonstrate that he had diligently pursued his rights or that an extraordinary circumstance prevented him from filing a timely petition. The Ohio Supreme Court case upon which Campbell relied in his motion for delayed appeal, *State v. Moore,* was decided in December 2016. Campbell did not file his delayed motion for reconsideration and delayed appeal until September 13, 2019. ECF Doc. 6-1 at 100.

Campbell timely filed an objection arguing that the AEDPA statute of limitations should begin to run after the Ohio Supreme Court declined to accept his appeal on his motion to reconsider/delayed appeal. Even though his motion to reconsider was based on an *Ohio* Supreme Court case, he argues that the Ohio Supreme Court relied on the U.S. Supreme Court decisions of *Graham v. Florida,* 560 U.S. 48 (2010) and *Miller v. Alabama,* 567 U.S. 460 (2012). But those cases were decided long before Campbell's direct appeal, and he hasn't explained why he waited until 2019 to argue them. The Magistrate Judge recognized this flaw in his argument and identified it in her report and recommendation. ECF Doc. 8 at 8.

28 U.S.C. §1441(d)(1), in relevant part, provides that AEDPA's one-year period begins to run from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court. Campbell's judgment became final on June 12, 2018; was tolled when Campbell filed a post-conviction motion; and ultimately expired on August 8, 2019.

The Supreme Court cases cited in Campbell's objection were decided in 2010 and 2012. Thus, running AEDPA's one-year limitation period from those dates under 28 U.S.C. §1441(d)(1)(C) would not result in a later deadline or benefit Campbell in any way. Here, the

2

later expiration date was the date on which Campbell's judgment became final under 28 U.S.C. §§1441(d)(1)(A). But even after tolling the period when his post-conviction motion was pending, Campbell failed to file a timely petition. Because Campbell's Eighth Amendment claim is time-barred under AEDPA, the Court hereby OVERRULES the Objection, ADOPTS the R&R, and DENIES Campbell's petition.

IT IS SO ORDERED.

Dated: March 1, 2021

*s/Dan Aaron Polster*
United States District Judge